UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RONALD B., | ) |
| Plaintiff, | ) No. 18 cv 7705 |
| v. | ) Magistrate Judge Susan E. Cox |
| ANDREW M. SAUL, Commissioner of the Social Security Administration[1], | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Ronald B.[2] appeals the decision of the Commissioner of the Social Security Administration ("Commissioner") denying his disability benefits. Plaintiff has filed a Brief in Support of Reversing the Decision of the Commissioner of Social Security [dkt. 16], which the Court construes as a motion for summary judgment; the Commissioner has filed a cross-motion for summary judgment [dkt. 23]. As detailed below, Plaintiff's motion for summary judgment [dkt. 16] is GRANTED and the Commissioner's motion for summary judgment [dkt. 23] is DENIED.

**I. Background**

**a. Procedural History**

Plaintiff applied for Disability Insurance Benefits on August 11, 2014, alleging a disability onset date of July 1, 2014. [Administrative Record ("R.") 13]. Plaintiff's claim was denied initially on February 4, 2015, and again upon reconsideration on August 15, 2015. [R. 13.] Following these denials, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), which was

---

[1] As of June 4, 2019, Andrew M. Saul is the Commissioner of the Social Security Administration. Pursuant to Federal Rule Civil Procedure 25(d), he is hereby substituted as Defendant.

[2] In accordance with Northern District of Illinois Internal Operating Procedure 22, the Court refers to Plaintiff only by his first name and the first initial of his last name(s).

held on March 21, 2017 before ALJ Matthew Johnson. [R. 13.] On September 28, 2017, ALJ Johnson issued an unfavorable decision. [R 13-24.] Plaintiff requested and was denied Appeals Council review on September 17, 2018, thus making the decision of the Appeals Council the final decision of the Commissioner. Plaintiff filed the instant action on November 19, 2018, seeking review of the Commissioner's decision. [Dkt. 1.] As of September 12, 2019, this matter is ripe and ready for disposition by this Court.

### b. The ALJ's Decision

On September 28, 2017, the ALJ issued a written decision denying Plaintiff disability benefits. [R. 13-24.] At Step One, the ALJ found that Plaintiff had not engaged in substantial gainful activity since his alleged onset date of November 15, 2009 through his date last insured. [R. 13.] At Step Two, the ALJ found that Plaintiff had the severe impairments of diabetes mellitus, type 2; hyperlipidemia; left knee osteoarthritis; lower back pain – degenerative disc disease; hypothyroidism; anxiety; post-traumatic stress disorder ("PTSD"); and depression. [R. 15.] At Step Three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments of 20 C.F.R. Part 404, Subpart P, App'x 1. [R. 16.]

Before Step Four, the ALJ found that Plaintiff had the residual functional capacity ("RFC")[3] to perform sedentary work with the following limitations: he could sit for six hours out of an eight-hour workday with the option to alternate to standing for five minutes after 45 minutes of sitting; he could stand for two hours in an eight-hour workday with the option to alternate to sitting for five minutes after every 30 minutes of walking; he could climb ramps and stairs occasionally, but never climbs ladders, ropes, or scaffolds; he could occasionally balance, stoop,

---

[3] RFC is defined as the most one can do despite one's impairments. 20 C.F.R. §§ 404.1545, 416.945.

2

kneel, crouch, or crawl; he could never work at unprotected heights or around moving mechanical parts; he could never operate a commercial vehicle; he could work in extreme cold occasionally; he could understand, carry out, remember and perform simple, routine, and repetitive tasks, and could complete all end of day goals, but not at a production rate pace; he could only make simple, work-related decisions with the ability to adapt to routine changes; he could frequently interact with supervisors and occasionally with coworkers; he should only have superficial non-transactional contact with the public; and he would be allowed to use a cane occasionally for balance or ambulation. [R.17.]

At Step Four, the ALJ found Plaintiff unable of performing his past relevant work. [R. 23.] At Step Five, the ALJ found that Plaintiff was capable of performing other jobs existing in significant numbers in the national economy, including final assembler (DOT #726.684-110); inspector (DOT #669.687-014); and sorter (DOT #521.687-086). [R. 23-24.] Because of these determinations, the ALJ found Plaintiff not disabled under the Act. [R. 24.]

## II. Social Security Regulations and Standard of Review

The Social Security Act requires all applicants to prove they are disabled as of their date last insured to be eligible for disability insurance benefits. ALJs are required to follow a sequential five-step test to assess whether a claimant is legally disabled. The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment; and (3) whether the severe impairment (or, in this case, the combination of impairments) meets or equals one considered conclusively disabling such that the claimant is impeded from performing basic work-related activities. 20 C.F.R. § 404.1520; 20 C.F.R. § 404.1523; 20 C.F.R. § 404.1545; 20 C.F.R. § 416.920(a)(4)(i)-(v). While a "not severe" impairment(s) standing alone may not significantly limit an individual's ability to do basic work activities, it may—when considered with limitations or restrictions due to other impairments—be

3

critical to the outcome of a claim. S.S.R. 96-8p, 1996 WL 374184, *5 (July 2, 1996). If the impairment(s) does meet or equal this standard, the inquiry is over and the claimant is disabled. 20 C.F.R. § 416.920(a)(4). If not, the evaluation continues and the ALJ must determine (4) whether the claimant is capable of performing his past relevant work. *Cannon v. Harris*, 651 F.2d 513, 517 (7th Cir. 1981). If not, the ALJ must (5) consider the claimant's age, education, and prior work experience and evaluate whether she is able to engage in another type of work existing in a significant number of jobs in the national economy. *Id*. At the fourth and fifth steps of the inquiry, the ALJ is required to evaluate the claimant's RFC in calculating which work-related activities she is capable of performing given his limitations. *Young v. Barnhart*, 362 F.3d 995, 1000 (7th Cir. 2004). In the final step, the burden shifts to the Commissioner to show that there are jobs that the claimant is able to perform, in which case a finding of not disabled is due. *Smith v. Schweiker*, 735 F.2d 267, 270 (7th Cir. 1984).

In disability insurance benefits cases, a court's scope of review is limited to deciding whether the final decision of the Commissioner of Social Security is based upon substantial evidence and the proper legal criteria. *Scheck v. Barnhart*, 357 F.3d 697, 699 (7th Cir. 2004). Substantial evidence exists when a "reasonable mind might accept [the evidence] as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Zurawski v. Halter*, 245 F.3d 881, 887 (7th Cir. 2001). While reviewing a commissioner's decision, the Court may not "reweigh evidence, resolve conflicts in the record, decide questions of credibility, or substitute [its] own judgment for that of the Commissioner." *Young*, 362 F.3d at 1001. Although the Court reviews the ALJ's decision deferentially, the ALJ must nevertheless "build an accurate and logical bridge" between the evidence and his conclusion. *Steele v. Barnhart*, 290 F.3d 936, 941 (7th Cir. 2002) (internal citation omitted). The Court cannot let the Commissioner's decision stand if the decision lacks sufficient evidentiary support, an adequate discussion of the issues, or is undermined by legal

error. *Lopez ex rel. Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003); *see also*, 42 U.S.C.§ 405(g).

### III. Discussion

The ALJ failed to build an accurate and logical bridge based on sufficient evidentiary support between the medical evidence and the postural limitations included in the RFC. The Court cannot locate support for the ALJ's finding that Plaintiff could perform sedentary work, including six hours of sitting provided that he be allowed to stand for five minutes after 45 minutes of sitting, two hours of standing provided that he be allowed to sit for five minutes after 30 minutes of standing, and two hours of walking provided he be allowed to sit for five minutes after 45 minutes of walking. According to the ALJ, these limitations account for Plaintiff's "lower back pain, left knee pain, and his reported inability to sit, stand, and walk for longer periods." [R. 19-20.]

The Commissioner's makes two arguments in support of the ALJ's conclusions. First, the Commissioner asserts that RFC findings are legal determinations reserved to the ALJ's discretion and do not require a medical opinion. [Dkt. 24 at 3.] While the Commissioner is correct on those points, none of them relieve the ALJ from the duty to support his findings with substantial evidence and to build a logical bridge between that evidence and his conclusions. Although the ALJ has discretion to make RFC findings, such discretion cannot be wielded arbitrarily.

Second, the ALJ argues that no doctor in the record "opined that [Plaintiff] required *any* sit/stand options," and that "the ALJ's RFC was *more* generous that any opinion in the record." [Dkt. 24 at 4 (emphasis in original).] This line of argument fails to refute that the ALJ's RFC lacks substantial evidence in the record. If no doctor required a sit/stand option, and the Commissioner cannot point to any evidence in the record that supports the sit/stand option, the Court is left guessing where the ALJ derived such a limitation in his RFC finding. The fact that the ALJ's opinion is more generous does not excuse his failure to explain the evidence supporting Plaintiff's

5

RFC limitations. The law does not require the ALJ's opinion only be supported by substantial evidence provided the RFC limitations are less generous than those found in the administrative record; it must be supported by substantial evidence in all instances.

Moreover, the Commissioner's argument that the RFC finding was more generous than those expressed by Plaintiff's treaters appears to be factually incorrect. Both parties discuss the findings of Jody Quirk, a vocational rehabilitation specialist with the Department of Veterans Affairs. Ms. Quirk found Plaintiff was restricted to standing and sitting for "less than an hour" and walking "no more than an hour." [R. 920.] Ms. Quirk reported that Plaintiff "state[d] he cannot sit, walk or stand for more than an hour at a time…." [R. 920.] According to the Commissioner, "the ALJ expressly acknowledged that Ms. Quirk limited plaintiff to a range of sedentary work, including standing/sitting less than an hour *at a time* and walking no more than an hour *at a time*." [Dkt. 24 at 4 (emphasis in original).] However, the ALJ's discussion of Ms. Quirk's opinion does not suggest that he considered the postural limitations Ms. Quirk noted at all. In its entirety, the ALJ's discussions of Ms. Quirk's opinion is as follows:

> Although a vocational rehabilitation specialist is not an acceptable medical source as defined in the regulation, I gave partial weight to the opinion of Jody Quirk, who assessed that the claimant could perform a range of sedentary work. This opinion is consistent with the objective medical evidence of record, including the diagnostic imaging and physical examinations of record. However, I find the claimant is more limited and would need the assistance of cane on an occasional basis to account for any instability regarding his left knee.

[R. 22.]

There is no mention of Ms. Quirk's limitations on Plaintiff's ability to sit, stand, or walk. To the extent that the ALJ implicitly covered that issue, he found that Ms. Quirk's findings were consistent with the medical evidence of record. It is unclear why the ALJ then decided to alter those findings when constructing his RFC conclusions.

6

A second problem with the Commissioner's argument is that a careful reading of Ms. Quirk's note reveals that she does not limit Plaintiff to only one hour of standing, sitting, and walking "at a time." She noted that Plaintiff stated he could not sit, stand, or walk for more than an hour at a time, but the restrictions in her note not only say "less than an hour" or "no more than an hour." The Commissioner reads the "at a time" qualifier into the restrictions, but no such restriction exists in Ms. Quirk's notes. From the Court's reading of that note, it is more likely that Ms. Quirk meant that Plaintiff was limited to one hour of sitting, standing, or walking in an eight-hour workday.

Contrary to the Commissioner's brief, the RFC was not "more generous than Ms. Quirk's opined restrictions by allowing plaintiff the option to alternate" positions. [Dkt. 24 at 4.] The ALJ's RFC stated that Plaintiff was capable of sitting for up to six hours a day, standing for two hours a day, and walking for two hours a day, whereas Ms. Quirk limited Plaintiff to no more than one hour of each position. Had the ALJ sought to alter Ms. Quirk's restrictions in a way that was more generous, he knew how to do so, as evidenced by his express finding that Plaintiff was "more limited and would need the assistance of a cane on an occasional balance to account for any instability regarding his left knee." [R. 22.] The ALJ made no such findings regarding the postural limitations found by Ms. Quirk.

The Commissioner's argument appears to be based on the erroneous belief that "at a time" is implied in Ms. Quirk's postural restrictions, and the ALJ read that qualification into his analysis of Ms. Quirk's opinion. However, there is no suggestion in the ALJ's opinion that he believed that Ms. Quirk's opinion allowed for Plaintiff to return to work after a brief rest period following an hour of sitting, standing, or walking. To the extent that the ALJ's opinion was based on such a supposition, his opinion would have to have spelled that out more clearly and explicitly in order to adequately explain the connection between the record and his RFC findings.

In short, the Court does not believe the postural limitations in the ALJ's RFC finding are

supported by an accurate logical bridge between the medical evidence and his conclusions. As such, the Court remands this matter for proceedings consistent with this opinion.

**IV. Conclusion**

For the foregoing reasons, Plaintiff's motion for summary judgment [dkt. 16] is GRANTED and the Commissioner's motion for summary judgment [dkt. 23] is DENIED. The case is remanded for proceedings consistent with this opinion.

Entered: 1/27/2020

Susan E. Cox,
United States Magistrate Judge